UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL ALEXANDER TURNER,

        Petitioner,

v.                                       Case No. 17-C-682

MICHAEL MEISNER,

        Respondent.

## ORDER DENYING RECONSIDERATION AND FOR RESPONSE

On May 15, 2017, Paul Alexander Turner, who is currently serving a state sentence for third degree sexual assault, filed a petition for federal habeas corpus pursuant to 28 U.S.C. § 2254. On initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court found from the face of the petition and the attached exhibits that Turner's ineffective assistance of trial counsel, ineffective assistance of post-conviction counsel, and insufficiency of evidence claims were without merit and ordered them dismissed. The court also ordered Turner to show cause why his claim that the sentence after revocation of his extended supervision was illegally imposed should not be dismissed for his failure to exhaust. Turner has now filed a motion for reconsideration, extension of time, recusal, and for a certificate of appealability.

Turner asserts that "he did in fact diligently exhaust every state remedy" regarding his post-revocation sentence extension claim, including filing a writ of certiorari in the county of his conviction pursuant to Wis. Stat. § 801.50(5). (ECF No. 12 at 3.) If Turner did file such a writ, he may have fully exhausted his state court remedies as to that claim. Accordingly, the Respondent will be directed to file a response to Turner's post-revocation sentence extension claim within 45 days

from the date of this order. Turner's motion for reconsideration of the court's dismissal of his other claims, however, will be denied.

Turner's motion for reconsideration contains no new evidence and points to no new controlling law. Instead, Turner asserts that the court "denied 3 of the 4 grounds reaised [sic] for relief and also ignored other grounds for relief unknown to petitioner." (ECF No. 12 at 2.) He further claims the court denied his request to amend the petition to include additional grounds raised on appeal that he didn't know about because he did not have access to every ground raised or know how it was raised. In fact, Turner never sought leave to amend his petition, and even now, does not seek to do so. Essentially, he argues that his habeas petition should be allowed to proceed on all possible claims, including claims of which he is currently unaware.

As the court previously noted in its June 2, 2017 Screening Order, "[h]abeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). Turner's petition fails to state the facts supporting the three claims the court ordered dismissed.

The petition alleges for Ground One, for example, that Turner "was denied right to call witnesses or present evidence." (ECF No. 1 at 6.) In the space for "supporting facts," Turner wrote "counsel refused to invistage [sic], so I attempted to amend witnesses list and present evidence both were denied." (*Id.*) The problem with this claim, which I characterized as an ineffective assistance

2

of trial counsel claim, is that it fails to say who the witnesses are that counsel failed to call and what evidence they would have provided. In order to justify further review of his conviction, this time by a federal court, it is not enough for Turner to simply say his attorney failed to introduce evidence. He must say what that evidence is so that the court can assess, at least as an initial matter, whether such evidence was even relevant. Turner provides not even a hint of what the missing evidence was that he thinks should have been introduced at his trial.

Similarly, Turner's "Ground Two" lists ineffective assistance of counsel. For "supporting facts," the petition alleges "trial counsel was totally ineffective refused to call key witness or present exculpatory evidence prior, at or post trial; post-conviction counsel refused to adequately 'show up' or argue any issue." (*Id.* at 7.) Again, Turner fails to identify the witness who was not called or the exculpatory evidence that was not introduced. He likewise fails to say what issue or issues appellate counsel failed to raise that would have made any difference. Absent some indication of what the missing evidence was or what the un-argued issues were, Turner is clearly not entitled to relief.

For "Ground Three" which lists "insufficient evidence to convict," the petition simply says "the element of force was improply [sic] applied and without consent was not proven beyond any reasonable doubt." (*Id.* at 8.) This also is not enough. Insufficiency of the evidence is not a ground on which habeas relief is available unless "it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Although the petition fails to recount what evidence was introduced at trial, the Wisconsin Court of Appeals provided a summary of the evidence in its decision affirming Turner's conviction. According to the complaining witness, she had fallen asleep on the couch and awoke to find Turner performing oral sex on her. She demanded he stop but

3

instead he pinned her down and forced his penis into her vagina as she continued to yell, "No." (ECF No. 1-1 at 14.) The court noted that while Turner's defense was that his sexual acts with the complaining witness were consensual, the witness testified, "I told [Turner] to stop. He wouldn't stop. I told him to get off me. He wouldn't get off me. He pinned my right arm down on the couch and then he just forced it in." (*Id.* at 17 n.2.) This evidence, which Turner does not contend was misstated by the state court, is more than sufficient to support the jury's verdict even if this court were to apply a de novo standard of review.

Turner seems to argue that he cannot provide the details required under fact pleading because the state courts denied his previous appeals without addressing any issues. It is not what the state courts said that is called for at this stage, however, but rather the specific claim or claims he asserted. Turner must say why his current custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas review is not available as a matter of course.

The reason fact pleading is required at this stage is apparent when one considers the nature of the relief afforded under § 2254 and the circumstances in which federal review of state court convictions is authorized.

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Borden*, 646 F.3d at 810.

That an applicant for habeas relief under § 2254 knows or should know the facts supporting his claim or claims follows from the fact that before a person serving a sentence for a state court conviction can seek federal relief under § 2254, he must first have exhausted his state court remedies. This means for a person in Turner's position that he must already have had the opportunity for a trial by jury in a state court, the opportunity to seek post conviction relief in the same court, to obtain direct review of any adverse decision by the Wisconsin Court of Appeals, and to seek discretionary review in the Wisconsin Supreme Court on a petition for review, all with the full assistance of counsel. No claim can be reviewed by a federal court under § 2254 unless the state courts are first given a full and fair opportunity to resolve it. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Given this requirement, it necessarily follows that any state prisoner claiming relief under § 2254 must know exactly what his claims are and the facts on which they are based. A petition for federal relief under § 2254 is not a vehicle for coming up with new claims. Thus, conclusory allegations of possible constitutional violations at the § 2254 stage are simply insufficient. *Borden*, 646 F.3d at 810 n.31 ("Inherent in the fact pleading requirement of the federal habeas rules is the notion that a habeas case is not a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim.").

Requiring more than notice pleading also makes sense when one considers the additional time and expense the state is required to incur in responding to and defending such an action. Under Rule 5 of the Rules Governing § 2254 Proceedings, the respondent must not only file an answer which addresses each allegation in the petition and indicates whether any claim in the petition is barred by a failure to exhaust state remedies, but also assemble and file relevant parts of the transcript of the trial, briefs submitted by the petitioner and prosecution on previous appeals and any state appellate

court decisions. Additional briefing is usually required in the district court as well. Of course, when a claim that may have merit has been raised, the additional time and expense is entirely justified. No one wants an innocent person or one wrongfully convicted to remain in prison. But absent some indication that the petitioner has a legitimate issue, and considering the number of state prisoners serving sentences, requiring the state to file such a response as a matter of course is unreasonable, especially considering the procedural protections that have already been afforded by the state. The State of Wisconsin has already expended significant resources to insure Turner was afforded all of the safeguards needed to provide a fair trial in state court and to provide him humane housing while he is serving his sentence. It should not have to incur further expense in federal court absent some showing that his custody is in violation of the constitution or laws of the United States.

This court carefully considered each of the claims advanced in Turner's habeas petition and dismissed his ineffective assistance of trial counsel, ineffective assistance of post-conviction counsel, and insufficiency of evidence claims because he failed to meet the fact pleading standard and because the state court decision adjudicating his claims reasonably applied clearly established federal law and reasonably determined the facts in light of the evidence. Turner's motion for reconsideration, likewise, must be denied because it advances no newly discovered evidence and no manifest error of law or fact.

Turner's motion also requests that I recuse myself for the possible appearance of bias. Among other things, he states that it is "evident the court is attempting to provoke an adverse response," that the court may have some direct involvement with the State's allegedly illegal actions, or that the court may profit directly or indirectly from inmates staying in prison. (ECF No. 12 at 6–7.) The request is denied. The reasons for dismissing the ineffective assistance of trial counsel,

ineffective assistance of post-conviction counsel, and insufficiency of evidence claims and ordering Turner to show cause why the court should not dismiss his remaining claim were clearly stated in this court's order of June 2, 2017, and repeated here. Turner is not entitled to a new judge because he disagrees with a ruling a current judge has made. He may take comfort in knowing that any decision by this court is ultimately reviewable by the United States Court of Appeals for the Seventh Circuit in the event he does not prevail in this action. But an appeal must come, with rare exceptions, after the case has concluded at the trial level. As the case has not yet concluded at the trial level, Turner's request for a certificate of appealability is premature and will therefore also be denied. His request for an extension of time is likewise denied because it is unclear what time limit he wants to extend. He may of course file an amended petition if he believes he can cure any of the defects noted by the court in this and its previous order. But the time to do so will lapse after his current custodian files a response.

## ORDER

**IT IS THEREFORE ORDERED** that the Respondent shall file a response to Turner's post-revocation sentence extension claim within 45 days from the date of this order.

**IT IS FURTHER ORDERED** that Petitioner's motion for reconsideration, extension of time, recusal, and for a certificate of appealability (ECF No. 12) is **DENIED**.

Dated this __16th__ day of June, 2017.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court